### Hezekiah Cady *vs.* Otis Comey & Trustees.

Executors are chargeable, in the trustee process, for the amount of a legacy bequeathed by their testator to a person who is supposed by his friends to have died before the testator, if there is no proof of his death, and he has been heard from within seven years ; although the executors have exhausted the testator's personal property, by paying other legacies and his debts : But execution will be stayed, in such case, to give the executors opportunity to apply for a license to sell real estate sufficient to raise money to pay the legacy ; and the plaintiff must, if required, give bond to the executors to refund, if the sum recovered by him shall be needed to satisfy demands that may be afterwards recovered against the estate of the testator, and also to indemnify the executors.

Oliver Comey and Jason Comey were summoned as trustees of the principal defendant, and the only question in the case was, whether they were chargeable as such. The answer of Jason Comey set forth the following facts :

The late Oliver Comey of Foxborough, by his last will, made on the 12th of April 1834, and duly proved and allowed on the 1st of March 1842, appointed said Oliver and Jason his executors, and they accepted the trust, took out letters testamentary, and proceeded to settle his estate. The will gave a legacy of $237·24 to his son Otis Comey, the principal defendant. Said executors settled an administration account, in the probate office, in April 1843. The payment of debts and legacies (not including the legacy to said Otis) exhausted the testator's personal estate ; and the judge of probate refused to order a sale of real estate for the payment of said legacy, on the ground that said Otis was dead before the testator died, and so the legacy never took effect. The testator left real estate, which is undisposed of, of greater value than the amount of said legacy. The other legacies were all paid before the service of this process on the executors.

In the further answer of Jason, he stated that he believed, and entertained no doubt, that his brother, the said Otis Comey, died in the autumn of 1838; that he left New England about the year 1833; that "information was received in the family, that he started, in a vessel, from some place in Pennsylvania or New Jersey, which vessel was lost, and said Otis was supposed to have perished; he never having been heard of since. Before that time the family heard from him regularly ; but, after that, nothing was heard from him. No doubt was, or has been entertained in the family, that he died about that time."

In answer to the questions, from whom and when, and in what manner, he received the information which led him to believe that said Otis was lost at sea in the autumn of 1838, he replied thus : "I cannot state the time when the information was first received in the family. It was some years before my father's death. I think a man by the name of Inman was the man through whom the first information was received. I cannot state how the information was received."

The said Jason annexed to his answer a letter from **said**

Otis Comey to his brother Charles Comey, dated at Columbia, Lancaster County, Pa. October 18th 1838, stating that he did not know where he should go, or what business he should pursue.

*Cleveland,* for the plaintiff.

*Wilkinson,* for the trustees.

HUBBARD, J. The demand of the plaintiff is not contested, and he claims to charge the persons summoned as trustees, on the ground that they are the executors of Oliver Comey, the father of the defendant, who by his last will left the principal defendant a legacy. The will has been proved and allowed, and the debts and legacies have been paid out of the personal estate, with the exception of the legacy to the defendant, and there is real estate sufficient, on a sale, to provide for it.

By our statute, (Rev. Sts. *c.* 66, § 16,) a legacy is recoverable at common law. Again; where a legacy is given by a will that is effectual to pass real estate, and the personal estate is insufficient to pay such legacy, the executors may be licensed to sell the real estate for that purpose. Rev. Sts. *c.* 71, § 20. And it is also provided that any legacy, due from any executor, may be attached in his hands by the process of foreign attachment. Rev. Sts. *c.* 109, § 62.

The executors, then, must be charged as the trustees of the defendant, unless they can show matter in discharge of themselves. This they attempt to do, by alleging their belief that the principal defendant is dead — and by the facts it appears that the defendant was last heard from October 18th 1838; and the date of the writ in this case is May 17th 1843, a period of four years and seven months. The supposed rumor of his death, it is agreed, was prior to the last intelligence of him. The facts, as they existed at the date of the writ, must govern the case; nothing having since transpired to alter them. The presumption of death does not arise until a period of seven years has elapsed from the time the person has been heard from as living, which time has been adopted from the *St.* of 1 Jac. 1, *c.* 11, § 2, respecting bigamy, and the *St* of

39 *

19 Car. 2. *c.* 6. respecting leases for lives; and within that time the party is presumed to be alive, until the contrary is proved. *Doe* v. *Jesson,* 6 East, 85. *Doe* v. *Deakin,* 4 Barn. & Ald. 433. *Loring* v. *Steineman,* 1 Met. 211.

Upon these facts, the executors, who are summoned as trustees, must be charged, and judgment be entered for the plaintiff. But execution is to be stayed, to give the executors opportunity to apply for license to sell the real estate, or as much as may be necessary for the purpose. and turn the same into money; and the plaintiff is to give a sufficient bond, if required by the executors, to refund the debt recovered, if the same shall be needed to satisfy any demands that may hereafterwards be recovered against the estate, and to indemnify the executors.

*Trustees charged.*